REY MORDECAI HASSAN (SBN 50717)
JOSEPH G. SWEENEY (SBN 268475)
Hassan Law Firm
1801 Bush Street, Suite 213
San Francisco, CA 94109
Telephone: (415) 775-9700
Facsimile Number: (415) 775-2507
E-mail: rey@hassanlawfirm.com

Attorneys for Plaintiff:
Paula Rydberg

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAULA RYDBERG**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA (United States Postal Service) AND DOES 1 through 100, inclusive.** <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR** <br> 1. Assault <br> 2. Civil Stalking (Civ. Code §1708.7) <br> 3. Gender Violence (Civ. Code. §52.4) <br> 4. Intentional infliction of emotional distress. <br> 5. Negligence <br> 6. Negligent Hiring and Supervision <br><br> Demand for Jury Trial <br><br> **28 U.S.C. §2401** |

Plaintiff Paula Rydberg ("Plaintiff"), by and through her counsel, for his Complaint against Defendant United State of America and Does 1-100 ("Defendants"), plead as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1346(b) and U.S.C. § 2671as a department of the Federal Government (United States Postal Service) is a named Defendant and this action involves tort claims.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (2) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

3. This Court has personal jurisdiction over the parties as the acts alleged herein took place in Berkeley, California, and Plaintiff is a resident of California and currently resides within

1
**COMPLAINT**
**Rydberg v. United States of America**

the jurisdiction of this Court

**GENERAL ALLEGATIONS**

4. At all times relevant herein, Plaintiff Paula Rydberg ("Plaintiff") is a natural person residing in California, and resided in Berkeley California during the time of the incidents indicated herein.

5. At all times herein, the individual Lamonte Earnest ("Earnest") is a natural person who was an employee of the United States Postal Service ("USPS") during the time of the incidents indicated herein.

6. At all times herein Defendant is believed to be the employer of Mr. Earnest.

7. At all times relevant herein, Plaintiffs are informed and believe and thereon allege that, DOES 1 through 100, inclusive, true names, identities and capacities, whether individual, corporation, association, partnership or otherwise are at this time unknown to Plaintiffs who therefore sue said Defendants by such fictitious names and will so amend the complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

8. At all times relevant herein, Defendant is sued and was acting as principal, employer and/or agent, servant and employee of said principal(s) or employer(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

9. From 2017 through the year 2018 Mr. Earnest was an employee of the United States Postal Service who delivered mail to Plaintiff.

10. During this time period Plaintiff's domicile was within Defendant's mail route, and during this time period Defendant persisted in a pattern of verbal, non-verbal, emotional and threatening behavior toward Plaintiff both upon Plaintiff's property and outside her property.

11. Defendants wrongful conduct and behavior towards Plaintiff started in mid 2017 when Defendant started putting mail in the wrong mailbox and when confronted by Plaintiff, Defendant refused to put her mail in the correct mail box.

12. Thereafter on July 18 and 19th 2017 Plaintiff started making derogatory comments toward Plaintiff ignoring Plaintiff's assertions to leave her alone. Subsequent to this, Defendant

followed Plaintiff to her client's house and attempted to enter the house. In August 2017 Defendant tailed Plaintiff down Dwight street and verbally assaulted her. In subsequent days Defendant would follow Plaintiff and verbally terrorize her.

13. Over the next two years, continuing through 2018, Defendant has continued to physically tail Plaintiff in his vehicle and throw things at her; during confrontations Defendant has mad hand configurations of a gun pretending to shoot Plaintiff; and Defendant has yelled at Plaintiff on several occasions "Where's your broom Bitch".

14. Moreover, since the harassing conduct started and through 2018 Plaintiff has periodically received damaged mail or no mail at all.

15. Plaintiff has been a victim of continuous harassment from the mail currier Earnest since July 2017. She has brought these numerous instances of harassment to the attention of USPS but USPS has continued to employ Mr. Earnest and/or continued to keep Mr. Earnest on her currier route throughout this time period which has subjected her to even more harassment and fear for her safety.

16. Despite Plaintiff's complaints to USPS, USPS has not taken her claims seriously nor taken the necessary measures to safeguard her from this harassment by their employee. Mr. Earnest was suspended on several occasions yet USPS later reinstated him on the same mail route actively subjecting Plaintiff to more harassment.

17. Plaintiff has been left emotionally scarred from Defendants conduct, abuse and harassment.

18. Defendants' actions toward Plaintiff caused Plaintiff personal injury, mental anguish, monetary damages, severe emotional distress, significant pain and suffering, and irreparable harm.

19. Plaintiff filed a Federal Tort Claim on or around March 25, 2019. Plaintiff received a rejection of her Federal Tort Claim on or around November 15, 2019.

## FIRST CAUSE OF ACTION
## ASSAULT
### (as against all Defendants)

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 19 as though fully set forth here.

21. Plaintiff is informed, believes, and therefore alleges that Mr. Earnest's actions as

alleged above constitute assault upon Plaintiff.

22. Plaintiff is informed, believes, and therefore alleges, according to and through Mr. Earnest's actions, as alleged in paragraphs 4-19, which occurred on multiple occasions while Defendant was Plaintiff's assigned postal currier form July 2017 through 2018, Mr. Earnest intended to cause offensive contact with, and bodily harm to, Plaintiff. Furthermore, Plaintiff reasonably believed she was about to be touched in a harmful and offensive manner, to which she had not consented.

23. In doing the acts alleged above, Mr. Earnest intended to cause and did cause Plaintiff great anxiety for her bodily safety, and severe emotional distress, for which Plaintiff should be compensated with money damages according to proof.

24. Mr. Earnest wrongful actions were during the course and scope of his employment with the United States Postal Service. Defendant is vicariously liable for Mr. Earnest's wrongful actions. Defendant knew or should have known to take corrective action against Mr. Earnest.

25. Defendants by their actions and/or inaction, continued to allow Mr. Earnest to assault and harass Plaintiff. Defendants, by their actions, ratified Mr. Earnest's treatment of Plaintiff and the assault, discrimination and harassment that ensued.

26. In doing the acts alleged above, Defendant acted with willful disregard for Plaintiff's rights, for which defendants should be assessed exemplary damages.

27. WHEREFORE Plaintiffs pray for judgment herein set forth.

## SECOND CAUSE OF ACTION
## CIVIL STALKING California Civil Code §1708.7
### (as against all Defendants)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 27 as though fully set forth here.

29. Plaintiff is informed, believes, and therefore alleges that Mr. Earnest actions as alleged above constitute civil stalking in violation of California Civil Code section 1708.7 upon Plaintiff.

30. Plaintiff is informed, believes, and therefore alleges, according to and through Mr. Earnest's actions, as alleged in paragraphs 4-19, which occurred on multiple occasions while Mr. Earnest was Plaintiff's assigned postal currier form July 2017 through 2018, Mr. Earnest stalked Plaintiff.

31. Plaintiff is informed, believes, and therefore alleges that due to the acts alleged herein, Mr. Earnest engaged in conduct composed of a series of acts over a period of time, however short evidencing a continuity of purpose

32. Plaintiff is informed, believes, and therefore alleges that due to the acts alleged herein, Mr. Earnest made a credible threat toward Plaintiff and intended to follow, alarm, surveil or harass Plaintiff.

33. As a result of Mr. Earnest conduct, Plaintiff reasonably feared for her safety and suffered substantial emotional distress that a reasonable person would experience

34. Mr. Earnest's actions were the actual and direct cause of Plaintiff's harm.

35. As an actual and direct cause of Mr. Earnest stalking, Plaintiff suffered substantial emotional distress, general and specific damages

36. Mr. Earnest wrongful actions were during the course and scope of his employment with the United States Postal Service. Defendant is vicariously liable for Mr. Earnest's wrongful actions. Defendant knew or should have known to take corrective action against Mr. Earnest.

37. Defendants by their actions and/or inaction, continued to allow Mr. Earnest to stalk Plaintiff. Defendants, by their actions, ratified Mr. Earnest's treatment of Plaintiff and the stalking that ensued.

38. In doing the acts alleged above, Defendant acted with willful disregard for Plaintiff's rights, for which defendants should be assessed exemplary damages.

39. WHEREFORE Plaintiffs pray for judgment herein set forth.

## THIRD CAUSE OF ACTION
## GENDER VIOLENCE - California Civil Code. §52.4
### (as against all Defendants)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 39 as though fully set forth here.

41. Plaintiff is informed, believes, and therefore alleges that Mr. Earnest's actions as alleged above constitute gender violence in violation of California Civil Code section 52.4 upon Plaintiff.

42. Plaintiff is informed, believes, and therefore alleges, according to and through Defendant's actions, as alleged in paragraphs 4-19, which occurred on multiple occasions while

Defendant was Plaintiff's assigned postal currier form July 2017 through 2018 subjected Plaintiff to gender violence. Plaintiff is a woman and the foundation of much of the inappropriate physical conduct and verbal barraging was based on her gender status.

43. This conduct was without any consent by Plaintiff.

44. Due to Mr. Earnest's physical force and/or threat of force, Plaintiff was subjected to and coerced into a physical intrusion or physical invasion of a sexual nature.

45. Plaintiff suffered physical and mental harm as a direct result of Mr. Earnest's actions. Mr. Earnest's actions were the actual and direct cause of Plaintiff's harm.

46. Mr. Earnest wrongful actions were during the course and scope of his employment with the United States Postal Service. Defendant is vicariously liable for Mr. Earnest's wrongful actions. Defendant knew or should have known to take corrective action against Mr. Earnest.

47. Defendants by their actions and/or inaction, continued to allow Mr. Earnest to harass Plaintiff. Defendants, by their actions, ratified Mr. Earnest's treatment of Plaintiff and the assault, discrimination and harassment that ensued.

48. In doing the acts alleged above, Defendant acted with willful disregard for Plaintiff's rights, for which defendants should be assessed exemplary damages.

49. WHEREFORE Plaintiffs pray for judgment herein set forth.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as against all Defendants)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 49 as though fully set forth here.

51. Plaintiff is informed, believes, and therefore alleges that Mr. Earnest's actions as alleged above constitute Intentional Infliction of Emotional Distress upon Plaintiff.

52. Plaintiff is informed, believes, and therefore alleges, according to and through Mr. Earnest's extreme and outrageous actions, as alleged in paragraphs 4-19, which occurred on multiple occasions while Defendant was Plaintiff's assigned postal currier form July 2017 through 2018, Mr. Earnest intended to cause Plaintiff emotional distress.

53. In doing said act, Mr. Earnest intended to cause Plaintiff emotional distress, and/or had reckless disregard of the probability of causing her emotional distress.

54. Plaintiff did not consent to this extreme and outrageous conduct and as a result of Mr. Earnest's outrageous acts, Plaintiff suffered severe emotional injury.

55. Mr. Earnest wrongful actions were during the course and scope of his employment with the United States Postal Service. Defendant is vicariously liable for Mr. Earnest's wrongful actions. Defendant knew or should have known to take corrective action against Mr. Earnest.

56. In doing the acts alleged above, Defendant acted with malice, oppression and/or willful disregard for Plaintiff's rights, for which Defendants should be assessed exemplary damages.

57. WHEREFORE Plaintiffs pray for judgment herein set forth.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

## (as against all Defendants)

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 57 as though fully set forth here.

59. From 2017 through the year 2018 Mr. Earnest was an employee of the United States Postal Service who delivered mail to Plaintiff.

60. Plaintiff is informed, believes, and therefore alleges that Mr. Earnest's actions as alleged above in paragraphs 4-19 were wrongful torts committed against Plaintiff.

61. Plaintiff is informed, believes, and therefore alleges, that Defendant knew of Earnest's wrongful conduct as Plaintiff complained to Mr. Earnest's employer, Defendant, of Mr. Earnest's wrongful conduct.

62. Plaintiff is informed, believes, and therefore alleges Defendant had a duty to investigate, intervene and take measures to ensure the tortuous conduct did not continue.

63. Plaintiff is informed, believes, and therefore alleges that Defendant placed Mr. Earnest as the mail currier to Plaintiff and therefore had a duty to take protective measures from harm occurring from that mail currier.

64. Defendant breached their duty by falling below the standard of care for which Defendant failed to take the appropriate measures to investigate Plaintiff's complaints and to stop the tortuous conduct by their employee.

65. Defendant further breached their duty to protect Plaintiff by keeping Mr. Earnest on

Plaintiff's mail route.

66. As a direct and proximate result of Defendants actions, Plaintiff suffered bodily injury, general damages, special damages, emotional distress, and mental anguish in an amount to be proven at trial and within the jurisdiction of this Court.

67. WHEREFORE Plaintiffs pray for judgment herein set forth.

## SIXTH CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION

## (as against all Defendants)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 67 as though fully set forth here.

69. From 2017 through the year 2018 Mr. Earnest was an employee of the United States Postal Service who delivered mail to Plaintiff.

70. Defendant had a duty to Plaintiff and to the public to use reasonable care in their hiring, training, supervision, discipline, and retention of employees including Mr. Earnest.

71. As alleged herein above in paragraphs 4-19 Plaintiff was subject to many tortuous actions by Mr. Earnest.

72. Defendants breached this duty of care to Plaintiff and the public in their hiring, supervision, training, discipline, and retention of Mr. Earnest, who committed the acts described herein.

73. Plaintiff is informed and believes that Defendant knew or should have known, prior to the incidents complained of herein, that Mr. Earnest was unfit for his position, and therefore should not have been hired or retained for that position.

74. As a result of Defendants negligence, as alleged above, Plaintiff suffered physical injury, emotional distress, and mental anguish, and is entitled to damages according to proof.

75. WHEREFORE Plaintiffs pray for judgment herein set forth.

WHEREFORE, Plaintiffs, pray for judgment against Defendants, as follows:

**FIRST CAUSE OF ACTION**

1. General and Special Damages in an amount not to exceed $1,000,000.00.

2. Attorney fees and costs

3. All other such Damages that the Court will allow.

**SECOND CAUSE OF ACTION**

    1.  General and Special Damages in an amount not to exceed $1,000,000.00.

    2. Attorney fees and costs

    3. All other such d Attorney fees and costs amages that the Court will allow.

**THIRD CAUSE OF ACTION**

    1.  General and Special Damages in an amount not to exceed $1,000,000.00.

    2. Attorney fees and costs

    3. All other such damages that the Court will allow.

**FOURTH CAUSE OF ACTION**

    1.  General and Special Damages in an amount not to exceed $1,000,000.00.

    2. Attorney fees and costs

    3. All other such damages that the Court will allow.

**FIFTH CAUSE OF ACTION**

    1.  General and Special Damages in an amount not to exceed $1,000,000.00.

    2. Attorney fees and costs

    3. All other such damages that the Court will allow.

**SIXTH CAUSE OF ACTION**

    1.  General and Special Damages in an amount not to exceed $1,000,000.00.

    2. Attorney fees and costs

    3. All other such damages that the Court will allow.

Dated: May 11, 2020

    HASSAN LAW FIRM

    */s/ Rey Hassan*

    REY HASSAN
    Attorney for Plaintiff
    Paula Rydberg